# EXHIBIT A

State Court of Fulton County
**E-FILED**
22EV002171
4/8/2022 12:13 PM
Christopher G. Scott, Clerk
Civil Division

SHERIFF'S FEE - PAID

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: _____

Gilford McCormick

27 East Broad Street

Newnan, GA  30263

Plaintiff's Name, Address, City, State, Zip Code

vs.

Paul Transportation c/o Matthew C. Goodin

3509 French Park Dr.

Edmond        OK        73034

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [  ] ACCOUNT | PRINCIPAL $_____ |
| [  ] CONTRACT | |
| [  ] NOTE | INTEREST $_____ |
| [  ] TORT | |
| [ ◉ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [  ] FOREIGN JUDGMENT | |
| [  ] TROVER | COURT COST $ _____ |
| [  ] SPECIAL LIEN | ************ |
| [  ] NEW FILING | |
| [  ] RE-FILING: PREVIOUS CASE NO. _____ | |

REC'D OKLA CO SHERIFF
APR 19 '22 AM 10:17

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Graylin C. Ward, Attorney

Address: 27 East Broad Street

City, State, Zip Code: Newnan, GA  30263         Phone No.: 770-251-1289

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

**SERVICE INFORMATION:**
Served, this _____ day of _____, 20_____.         _____
                                                                                                          DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
22EV002171
4/8/2022 12:13 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

GILFORD MCCORMICK,

    Plaintiff,

v.

PAUL TRANSPORTATION, INC., EUGENE    CIVIL ACTION

BAZE, NAPA RIVER INSURANCE    FILE NO.: _____

COMPANY, HUDSON INSURANCE

COMPANY, ABC CORPORATION, and

JOHN DOE,

    Defendants.

## COMPLAINT FOR DAMAGES

COMES NOW GILFORD MCCORMICK, Plaintiff in the above-styled action, and

brings this Complaint for Damages, and shows the Court the following:

1.

GILFORD MCCORMICK is, and at all times material to this action, was a resident of

the State of Georgia.

2.

Defendant EUGNE BAZE is subject to the jurisdiction and venue of this Court.

3.

Defendant EUGENE BAZE is a resident of North Carolina and may be personally served

at 3937 Idlewood Acres, Hickory, NC 28601-8142.

4.

Defendant PAUL TRANSPORTATION, INC. is subject to the jurisdiction and venue of

this Court.

5.

Defendant PAUL TRANSPORTATION, INC. is a foreign corporation in Oklahoma and may be served by and through its registered agent, Matthew C. Goodin, 3509 French Park Drive, Edmond, Ok 73034.

6.

Defendant NAPPA RIVER INSURANCE COMPANY and Defendant HUDSON INSURANCE COMPANY are subject to the jurisdiction and venue of this Court.

7.

Defendant NAPPA RIVER INSURANCE COMPANY (hereinafter "Napa Insurance") is a foreign insurance company organized under the laws of the State of California and with its principal place of business in the State of California. Defendant Napa Insurance is registered to do business in Georgia. It may be served with process by service upon its registered agent, C T Corporation System, 289 S Culver Street, Lawrenceville, Georgia  30046.

8.

Defendant HUDSON INSURANCE COMPANY (hereinafter "Hudson Insurance") is a Delaware Corporation organized under the laws of the State of Delaware and with its principal place of business in the State of New York. Defendant Hudson Insurance's registered agent, The Corporation Trust Company, may be served with process by service at Corporation Trust Center, 1209 Orange Street, Wilmington, County New Castle, Delaware 19801.

9.

At the time of the subject collision, Defendant Hudson Insurance and Defendant Napa Insurance provided a policy of liability insurance on behalf of Defendant Eugene Baze and Defendant Paul Transportation, Inc., under policy number HMV20013901. The policy was in

effect on October 7, 2020. Defendant Napa Insurance and Defendant Hudson Insurance are subject to suit by **direct action** pursuant to OCGA §§ 40-1-112 or 40-2-140.

10.

The true names or capacities of Defendants named herein as ABC Corporation and John Doe (hereinafter collectively referred to as "ABC" and "John Doe" respectfully) are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to show said "ABC and John Doe's" true names and service addresses when the same have been ascertained. Plaintiff identifies ABC and John Doe as either joint tortfeasors or possible additional liable parties. Plaintiff alleges on information and belief that ABC and John Doe are in some manner responsible for the acts or omissions alleged herein.

11.

On October 7, 2022, Defendant Eugene Baze was driving a 2020 Kenworth T680 Commercial Tractor-Trailer negligently when he collided with Plaintiff Gilford McCormick's vehicle, a 1997 Toyota Camry. Plaintiff Gilford McCormick's vehicle spun out across three traffic lanes and collided with the median wall. The accident occurred on or near I 85 Southbound near Bohannon Road in Fulton County, Georgia.

12.

Defendant Eugene Baze owed duties of due and reasonable care to Plaintiff Gilford McCormick and other motorists on the road.

13.

Defendant Eugene Baze's negligence, which constitutes the direct and proximate cause of the injury to Plaintiff Gilford McCormick, also consisted of, but was not limited to, the following:

(a)    Driving in reckless disregard for the safety of others in violation of OCGA §
       40-6-390;

(b)    Failing to exercise ordinary diligence in violation of OCGA § 51-1-2;

(c)    Failure to maintain reasonable control of the vehicle;

(d)    Failure to operate a vehicle in a safe fashion under the circumstances then
       existing;

(e)    Failure to take evasive or other reasonable action in order to control vehicle
       or maintain lane;

(f)    Failure to exercise ordinary care;

(g)    Failure to keep a proper lookout;

(h)    Failure to use proper signal OCGA § 40-6-123;

(i)    Driving a vehicle while distracted in violation of
       OCGA § 40-6-241; and

(j)    Committing other reckless and negligent acts and omissions shall be shown by
       the evidence and proven at trial.

14.

Defendant Eugene Gaze was acting within the scope of his employment with Defendant
Paul Transportation, Inc. when this accident occurred. Defendant Eugene Baze was incompetent
to drive a commercial motor vehicle. Defendant Paul Transportation, Inc. had actual knowledge
of his incompetence; thus, Defendant Paul Transportation, Inc. is liable for Plaintiff's injuries
for negligently entrusting the tractor-trailer to Defendant Eugene Baze.

15.

Defendant Eugene Baze was not skilled in driving a commercial motor vehicle, and
Defendant Paul Transportation, Inc. had actual knowledge of his lack of skill. Paul

Transportation, Inc. hired Eugene Baze to drive their tractor-trailer. Thus, Defendant Paul Transportation, Inc. is liable for Plaintiff Gilford McCormick's injuries for negligently hiring Eugene Baze to drive a commercial motor vehicle.

16.

At all times material hereto, Plaintiff Gilford McCormick conducted himself safely and lawfully and did not cause or contribute to the circumstances which caused him to sustain serious bodily injury.

17.

As a direct and proximate result of the Defendants' negligence, Plaintiff Gilford McCormick has suffered and will continue to suffer the following:

     (a)     past, present, and future physical and mental pain and suffering; and

     (b)     past, present, and future loss of enjoyment of life and other damages.

18.

As a direct and proximate result of the injuries sustained in the subject collision caused by Defendants' negligence, Plaintiff Gilford McCormick has incurred substantial medical expenses and will continue to require and incur reasonable and necessary medical expenses due to his painful injuries.

18.

By reason of the foregoing, Plaintiff Gilford McCormick is entitled to recover from Defendants compensatory and other damages in such amounts as may be shown by the evidence at trial and determined in the enlightened conscience of the jury.

     WHEREFORE, Plaintiff Gilford McCormick prays and respectfully demands a verdict and judgment as follows:

     (a)     That Summons and Process issue and that the named Defendants be served with a copy of this Complaint and that Defendants be

required to appear and answer;

(b)    That Plaintiff be awarded compensatory damages against Defendants, in such an amount as may be shown by the evidence and as may be determined in the enlightened conscience of the jury;

(c)    That Plaintiff be awarded special damages in an amount as may be shown by the evidence and proven at trial;

(d)    That Plaintiff be awarded the full amount of related expenses and aggravated damages to deter the Defendants from committing similar wrongs or compensate Plaintiffs for wounded feelings;

(e)    That Defendants be charged with all Court costs attributable to this action and such other costs incurred in the prosecution and trial of this case;

(f)    That Plaintiff be granted a trial by jury; and,

(g)    That Plaintiff be granted such other and further relief as may be shown by the evidence and the law, and as this Court may deem just and appropriate.

This 4th day of April 2022

Respectfully submitted;

*/s/GRAYLIN C. WARD*
GRAYLIN C. WARD
Attorney for Plaintiff
Georgia Bar Number 736855

Ward Law Office
27 East Broad Street
Newnan, Georgia 30263
770-251-1289
gward@numail.org

State Court of Fulton County
**E-FILED**
22EV002171
4/8/2022 12:13 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

GILFORD MCCORMICK,

                    Plaintiff,

v.

PAUL TRANSPORTATION, INC., EUGENE     |     CIVIL ACTION
BAZE, NAPA RIVER INSURANCE            |
COMPANY, HUDSON INSURANCE             |     FILE NO.: _____
COMPANY, ABC CORPORATION, and
JOHN DOE,

                    Defendants.

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST
## FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE
## TO PAUL TRANSPORTATION, INC.

COMES NOW GILFORD MCCORMICK, Plaintiff in the above-styled action, and propounds the attached First Continuing Interrogatories to Defendant, Paul Transportation, Inc., pursuant to O.C.G.A. §9-11-33, §9-11-34, § 9-11-30(b)(5), and §24-10-26, respectively, to be answered separately and individually under oath.

Answers to these Interrogatories shall be served upon the attorney for the Plaintiff at the offices of Graylin C. Ward Law Office, 27 East Broad Street, Newnan, Georgia 30263 no later than forty-five (45) days after service of these Interrogatories, or at any hearing or deposition in the above matter which is scheduled prior to 45th day after service.

## PART I

## INTRODUCTION AND DEFINITIONS

(A)     Each Interrogatory seeks information available to the Defendant(s), its attorneys

1

and agents, and all persons acting on their behalf. Accordingly, as used herein, the term "Defendants," "you,", "your," refer without limitation to the Defendants, the Defendants' attorneys or investigators, insurers, agents, and all other persons acting on the Defendants' behalf. Each of the Interrogatories shall be deemed to be continuing in the manner provided by law.

(B)     As used herein, "person" means an individual firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity. When the term "identify" is used in conjunction with the term "person" or if the answer of any Interrogatory herein refers to a person (as defined herein), you are to state each such person's (1) full legal name, (2) present or last known address and telephone number, business or residential, and (3) occupation, job title, business affiliation and/or nature of business.

(C)     When the term "identify" is used herein in conjunction with a document or other tangible thing, or if the answer to any Interrogatory refers to such a document or other tangible thing, you are to state with respect to each such item: (1) the date of the item, (2) the identity of the person who has custody or control of the item, and (3) the nature and substance of the item; all with sufficient particularity to enable it to be identified in a Request to Produce. Alternatively, you may produce the item, provided each document is appropriately marked so as to identify the Interrogatory to which the document is responsive.

(D)     If any document or identification of any document or oral communication is withheld under a claim of privilege, provide information sufficient to determine the identity of the document or oral communication and, as well, state the basis for any asserted claim of privilege.

(E)     As used herein, "date" should mean the exact day, month, and year, if ascertainable, or if not, the best approximation (including relationship to other events).

2

(F)     If you object to part of an Interrogatory and refuse to answer that part, state your objection, and answer the remaining portion of that Interrogatory. If you object to the scope or

time period of an Interrogatory and refuse to answer that part, state your objection, and answer the remaining portion of that Interrogatory. If you object to the scope or time period of an Interrogatory and refuse to answer for that scope of time, state your objection in an answer for that Interrogatory for the scope and time period that you believe is appropriate.

(G)     If any of the following Interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the Interrogatory.

## PART II

## <u>INTERROGATORIES</u>

1.

Does any insurance agreement exist under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment which may be entered in favor of the Plaintiff in her action? If so, describe in detail the contents and terms of all such policies (including any subordinate, umbrella, or excess insuring agreement or agreements), the name(s) of all insurers, the limits of liability, and the amount of deductible or retainage, if any.

2.

State the following: the date Defendant Eugene Baze was first employed by Defendant Paul Transportation, Inc., and the name, address, and job rating of the person who was Defendant Eugene Baze's immediate superior on October 7, 2020, and if said supervisor no longer works for you, the date that his or her employment was terminated.

3.

State the following: whether Defendant Eugene Baze operated a Commercial Vehicle at any time prior to the time he was hired by Defendant Paul Transportation, Inc.,, and if so, how long, the name and address of each prior employer, the dates he worked for each, the type of work he performed for each, the reason for the termination of their employment with each prior employer; the qualifications of Defendant Eugene Baze to perform his work; whether Defendant Eugene Baze requested and/or received a report, memorandum, or a letter from any prior employer of Defendant Eugene Baze regarding his qualifications; if so, for each letter, report, or memorandum, state the name and address of the prior employer, the date of the instrument, the name, address and job rating of the person issuing such letter, report, or memorandum, the name, address and job rating of the person to whom the letter, report, or memorandum was sent; and the name, address and job title of the person who is the present custodian thereof.

4.

State the following: describe the specific duties that Defendant Eugene Baze was to perform on October 7, 2020; what his normal working hours were for one month immediately preceding the above date; the name, address, and job title of the person who assigned the duties for him for the date; the specific work he was performing at the time of the

4

collision, including where he was coming from, their load, and their destination.

5.

Did Defendant Eugene Baze attend a training program at the request or direction of Defendant Eugene Baze or any other person or firm which prepared him as an operator of a Commercial Vehicle or other similar vehicles? If so, describe fully, including but not limited to, the name, address, and job title of the person in charge of the training program and the dates during which Defendant Eugene Baze participated in the training program.

6.

State the following: whether Defendant Eugene Baze has been absent from his job at any time as a result of any mental, emotional, or drug-related disorder, and, if so, state the date of each such absence, the name of, or a description of, the disorder; whether Defendant Eugene Baze had ever been reprimanded, suspended or dismissed from their job as a result of any infraction of rules or regulations at their place of employment, and if so, state the date, describe the rule or regulation violated, and the punishment imposed; whether Defendant Eugene Baze has ever been involved in any vehicular incident before, either previous to or during their present employment, and if so, as to each incident, state the date and location of each, whether legal proceedings were commenced, the outcome of any such proceedings, the result of any settlement in the absence of legal proceedings, whether any traffic citations were issued against Defendant Eugene Baze; whether Defendant Eugene Baze has ever received a traffic citation, if so, state the date, location, and charge, along with the disposition of each charge either  before a court of law or otherwise.

7.

Describe the tractor-trailer combination unit, which was involved in the subject incident of October 7, 2020, giving its make, year of manufacture, date of purchase or lease,

weight, length, and width, as to both tractor and trailer separately.

8.

Describe the markings on the truck or tractor-trailer unit consisting of legends or markings painted or otherwise inscribed thereon concerning ownership, operation, weight, and license or registrations, describing the location of each marking or legend upon the tractor-trailer

unit.

9.

Do you know the identity of any person who was a witness to the occurrence? If any, state as to each and every witness, including parties, known to you or your agents or employees to have seen, heard or known about the occurrence: the name and address of each, the location where each witness was at the time he heard or learned about the occurrence, the substance, as best you can give it, of all information or knowledge about the occurrence, the substance, as best you can give it, of all information or knowledge about the occurrence known, whether or not any such witness gave any statement or account, either oral or in writing, of his or her knowledge of the occurrence, and, if so, give the substance of the same.

10.

Describe in detail any and all conversations, sounds, utterances, speech or noises made by Plaintiff after the incident that is the subject of Plaintiff's complaint which were heard by any agent or employee of Defendants or by any other person known to Defendants.

11.

Describe in full detail how the incident, which is the subject of this complaint happened, giving all the events in detail in the order in which they took place, before, at the time of, and after the incident, which had any bearing on the cause and manner of the

6

happening of the same.

12.

Did any person other than Defendant Eugene Baze or any agent or employee of Defendant Eugene Baze in any way cause or contribute to cause the happening of the incident which is the subject of Plaintiff's complaint? If your answer to the preceding Interrogatory is in the affirmative, state: the full identity, including name, address and physical description of any such person, how and in what manner such person in any way caused or contributed to cause the same.

13.

State all facts on which you rely as tending to show any negligence or lack of care of any kind on the part of Plaintiff.

14.

Describe in detail the load or object carried on the trailer at the time of the incident alleged by the Plaintiff, giving a description of the load or object, including, its weight in pounds, its length in feet, and its height in feet above ground.

15.

On or about the date of the alleged incident of Plaintiff, did Defendant Eugene Baze have any established procedure for the inspection of the vehicle, or the type of vehicle involved in the collision? If your answer is in the affirmative, give a description of the procedure, the date and time of day when the most recent inspection was made just prior to the date and time of the alleged collision, the identification, including the name, job title, and address, of each person who participated in such inspection, in complete detail, what such inspection revealed or disclosed.

16.

Describe any repairs made to the subject vehicle, which Eugene Baze was driving as described in Plaintiff's complaint, for the ninety (90) days prior to October 7, 2020.

17.

Identify and describe any written rules, procedures, standards, guidelines, policies, or the like of  Defendant Eugene Baze pertaining to his motor vehicles' safe driving and operation.

18.

Identify and describe any training materials, books, pamphlets, notices, letters, handouts, or the like, which Defendant Eugene Baze has in its possession, custody or control pertaining to the safe driving and operation of its motor vehicles.

19.

Do you, or does any agent or employee of Defendant Eugene Baze has possession or control of, or know of the existence of any maps, pictures, videotapes, films, photographs, plates, drawings, diagrams, measurements, or other written descriptions of the occurrence, or the areas, or persons involved? If your answer is in the affirmative, state for each such item: its nature, its specific subject matter, the date and time it was made or taken,  the identification, including name, address, and present whereabouts of the person making or taking it, and the identification, including name and address of the person at whose request it was made or taken.

20.

If it is your contention that Defendant Eugene Baze is not the employer of Defendant Paul Transportation, Inc., or if it is your contention that Defendant Eugene Baze is

8

not a proper party to this action, state in full detail the factual basis for any such contentions and cite any statutory or case law upon which you rely to support same, as well as the name of the entity who you contend is the employer of Defendant Eugene Baze.

21.

If it is your contention that Defendant Eugene Baze has not been properly served, state in detail the factual basis for the alleged defects in service or process and cite the statutory or case law upon which you rely to support said contention.

22.

Please identify the manner or method by which Defendant Eugene Baze ensures that its drivers are in compliance with the driving hours as put forth by the F.M.C.S.A. and that the driver's logbooks are accurate, and:

     (a)     Identify all persons who review the drivers' logbooks for compliance with the maximum allowable driving hours as put forth by the F.M.C.S.A.; and

     (b)     How often the logbooks are reviewed.

23.

State whether Defendant Eugene Baze was an employee of Defendant Paul Transportation on the date and at the time of the incident which forms the basis of if litigation. If Defendant Eugene Baze was an employee of Defendant Paul Transportation, Inc., at the time of this collision, state whether Defendant Eugene Baze was acting within the scope of their employment for Defendant Eugene Baze at the time and place of the incident which forms the basis for this litigation.

24.

If the answer to the preceding Interrogatory is negative, state what relationship did

9

exist between Defendant Eugene Baze and Defendant Paul Transportation., Inc at the time and on the date on the incident which forms the basis of this litigation.

25.

Please state whether or not you contend that any other person contributed in any way to

the incident which gives rise to this action, and if so, state the following;

(a)     The name and address of the person who you contend contributed to same; and

(b)     Please state in detail the allegations of negligence, common law, or negligence per se allegations, which you contend were committed by said persons.

26.

Do you claim that the occurrence in question was in any way caused by a mechanical defect or malfunction of your vehicle? If so, state the details of said malfunction, when you first had knowledge of said defect and how you believe it contributed to said incident.

27.

During the thirteen-hour period immediately preceding this wreck, please state:

(a)     The exact number of hours, including fractions thereof, the Defendants driver was driving according to the onboard recording device report;

(b)     The exact number of hours, including fractions thereof, the Defendants driver was driving according to their logbook; and

(c)     If there is a discrepancy between the hours in subparts (a) and (b), please explain why such a discrepancy exists.

28.

How long on average does it take to download the onboard recording device data

10

from the tractor unit in question and state the frequency that Defendant performs such download. If Defendant Rudisill Logistic does not download the on-board recording device data on a routine basis, please explain why it does not.

29.

Regarding the tractor (power unit) that was involved in this collision state:

(a)     any changes from its original configuration;

(b)     the contents and weight of the load being transported at the time of the incident; and

(c)     whether the tractor-trailer or truck involved in the incident had an on-board recording device, computer, tachograph, trip monitor, trip recorder, or trip master.

30.

State whether Defendant Eugene Baze conducted a post-accident test in accordance with 49 C.F.R. §382.303 concerning the incident, which forms the basis of this litigation. If Defendant Eugene Baze did conduct a test, state:

(a)     the name, occupation, and address of the individual who conducted the test;

(b)     the date and time when the test was conducted; and

(c)     the name and address of the person who has custody of said test results. 31.

Identify the person, organization or agency which has possession of custody of or control over the records regarding systematic inspection and maintenance of the tractor involved in this incident as provided for by 49 C.F.R. § 396.3 for the six-month period preceding this incident.

11

32.

State whether Defendant Rudisill Logistic requires the completion by every driver of a "driver's vehicle inspection report" as contemplated by 49 C.F.R. § 396.11. If Defendant Rudisill Logistic did require such a report, please state:

    (a)    whether such "driver's vehicle inspection report" was maintained by the Defendants driver on the date of the incident, which forms the basis of this litigation and for the preceding two weeks; and

    (b)    the persons, organizations or agencies which have custody of, possession of, or control over the "driver vehicle condition reports" of Paul Transportation, Inc.'s drivers.

33.

State whether Defendant requires its drivers to maintain a "driver's daily log" as provided by 49 C.F.R. § 395.8. If Defendant does require its drivers to maintain a log state:

    (a)    whether Defendant Paul Transportation, Inc., has in its possession, custody, or control daily logs of Defendants Driver; and

    (b)    the dates of the daily logs of Defendant Driver currently in possession, custody of control of Paul Transportation, Inc.,

34.

State whether Defendant Rudisill Logistic systematic inspection and maintenance records as provided for by 49 C.F.R. § 396.3. If Defendant Paul Transportation, Inc., did maintain such a record state whether such records of inspection and maintenance are maintained for the vehicle which was driven by Defendant's driver on the date and at the time of the incident which forms the basis of this litigation, and if so, state the person,

organization or agency which has possession of, custody of, or control over said records for a period commencing one year before the incident which forms the basis of this litigation and continuing to date.

35.

Identify each insurance carrier that may provide coverage for damages resulting from this collision and as to each state the effective dates of coverage with policy limits and:

(a)     Whether said insurance company is defending you under a reservation of rights;

(b)     State whether the policy was on file with the G.P.S.C. on the date of the incident; and

(c)     State whether the policy had been accepted and approved by the G.P.S.C. pursuant to O.C.G.A. 46-7-12(c).

36.

Please identify the owner of the vehicle which the Defendant Eugene Baze was operating at the time of this incident.

37.

Did the Defendant Paul Transportation make an inquiry into the Defendant Eugene Baze's motor record during preceding three (3) at the time of hiring or at any time thereafter? If so, state any violations contained therein.

38.

State the manner and method by which you administered tests for controlled substances on your drivers and how often these tests were conducted.

39.

Identify the person(s) who have knowledge of the following:

(a)    company safety policies and operations;

(b)    maintenance and repairs of the truck involved in the incident giving rise to this litigation for the 1-year period preceding the incident;

(c)    responsibility for maintaining company records, including the safety director; director of fleet safety program; medical review officer; director of employee assistance program; medical technologist (for blood, urine, and breath tests);

dispatchers; mechanics who worked on the truck; supervisors of the mechanics; person(s) who administer both the driving test and the written test to the Defendant Eugene Baze; officer of official in charge of operational safety; supervisor of records.

40.

Identify when Defendant Eugene Baze left for the trip at issue, what he was carrying, from where Eugene Baze left to begin his trip, Eugene Baze's destination and intended route, the time allotted by Defendant Eugene Baze for the trip, and when Eugene Baze was scheduled to return to Paul Transportation, Inc.'s facilities or destination.

41.

Give the name, address, and telephone number of all persons that to you or your representative's knowledge, information, or belief:

(a)    were eyewitnesses to the incident giving rise to this lawsuit;

(b)    have relevant knowledge concerning any issues involved in this lawsuit who were not identified in subpart (a), including every person interviewed by you, or on your behalf, in regard to the above-entitled action.

14

42.

Please identify each expert expected to testify at trial and state the subject matters the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify and give a summary of the grounds for each opinion. See O.C.G.A. § 9-11- 26(b)(4)(A)(I) / Fed. R. Civ. P. 26(b)(4)(A)(I). Please note that this Interrogatory applies to all expert witnesses including all practitioners of the healing arts. The trial court has the power to exclude any expert, or any expert testimony not fairly disclosed in your answer to this interrogatory.

43.

Describe with particularity all photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item.

44.

Within thirty-two (32) hours after the incident did the Defendant's driver and Defendant's co-driver provide a urine sample to be tested for the use of controlled substances. If so, identify the person who performed the test.

45.

Describe in narrative detail the events surrounding the occurrence, including but not limited to a description of how, when and where this incident occurred.

46.

State the name, age, address, occupation, and place of employment of every person interviewed by you, or on your behalf, in regard to the above-entitled action, and the date

15

and place of such interviews.

47.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving each statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

**PART III**

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO PAUL TRANSPORTATION, INC.,**

DEFINITIONS AND INSTRUCTIONS

(A)     This request for production of documents shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require Defendants to serve upon plaintiff supplemental answers if Defendants or its attorneys obtain further information between the time the answers are served and the time of trial.

(B)     The following definitions shall apply to this request.

1.     "Document", whether singular or plural, shall mean documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies of all memoranda, reports, evaluations, correspondence, interoffice communications or memoranda, agreements, contracts, invoices, checks, journals, ledgers, telegraphs, telexes, handwritten notes, periodicals, pamphlets, computer or business machine printouts, accountant's work papers, accountant's statements and

16

writing, notations or records of meetings, books, papers, diaries, promissory notes, evidences of indebtedness, security agreements, loan applications, leases, documents creating or reflecting security interests, loan agreements, financing statements, deposit slips, advertising, office manuals, employee manuals, rules and regulations, reports of experts, drafts and copies of

any of the foregoing, or such documents as are not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original, tape recordings or other sound or visual production materials and any other written matter, tangible or physical objects, however produced or reproduced, upon which words or phrases are affixed and from which by appropriate transfixion such matter or tangible thing may be produced in the possession, custody or control of either Defendants or their agents, attorneys, or employees.

2.     "Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

(C)     Whenever production is requested of a document which is no longer in your possession, custody or control, your response should identity the document by name, number, form or description, and by date made, and the date which the document was most recently in your possession, custody and control, the disposition made of the document, and the identity of the person or person now in possession, custody or control of such document. If the document has been destroyed, the response should state the reason for its destruction and the identity of the person or persons who destroyed the document and who directed that document to be destroyed.

17

(D)     If you object to part of a request and refuse to answer that part, state your objections, and answer the remaining portion of that request. If you object to the scope or time period of the request and refuse to answer for that scope or time period, state your objection and answer the request for the scope or time period you believe is appropriate. If any of the following requests cannot be responded to in full after exercising due diligence to secure the

information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions. If your response is qualified in any particular, please set forth the details of such qualifications.

(E)     In the event you wish to assert attorney/client privilege or work-product exclusion, or both, as to any document requested by any of the following specific requests, then as to each document subject to such assertion, you are requested to provide plaintiffs with identification of such document in writing, such identification to include the nature of the document, the sender, the author, the recipient, the recipient of each copy, the date, the name of each person to whom the original of any copy was circulated, the names appearing on any circulation list of the department associated with such document, a summary statement of the subject matter of such document in sufficient detail to permit the Court to reach a determination in the event of a motion to compel, and an indication of the basis for assertion of the privilege or the like.

(F)     The following Request for Production of Documents and Notice to Produce is made under the provisions of O.C.G.A. §9-11-34, §9-11-30(b)(5), and §24-10-26.

(G)     You are hereby notified to produce for inspection and copying at the offices of

Graylin C. Ward Law Office, 27 East Broad Street, Newnan, Georgia 30263, within 45 days after the date of service of this Request for Production of Documents and Notice to Produce; and pursuant to O.C.G.A. § 9-11-30(b)(5), at the time of the taking of Defendants' deposition, and pursuant to O.C.G.A. § 24-10-26, upon any hearing and upon the trial of the above-styled case, the following documents, and records which are in your possession, custody or control, the same to be used as evidence by the Plaintiff, to wit:

1.

A complete copy of any insurance agreement (including all excess and umbrella policies) under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

2.

All photographs, videotapes, accident reports, drawings, or diagrams of the accident scene or the vehicles involved in the subject October 7, 2020, incident.

3.

All other documents and materials referred to in your answers to Plaintiff's Interrogatories.

4.

A copy of any time or travel log records showing deliveries made or pick-ups received by Defendant Eugene Baze on behalf of Defendant Paul Transportation for the 90-day period preceding October 7, 2020.

5.

A copy of all trip reports showing deliveries made or pick-ups received by

19

Defendant Eugene Baze on behalf of Defendant Eugene Baze for the 90-day period preceding October 7, 2020.

6.

A copy of the work schedule of Defendant Eugene Baze showing their hours worked and routes followed for the 90-day period preceding October 7, 2020.

7.

A copy of the Articles of Incorporation of Paul Transportation, Inc.,

8.

A copy of the Certificate of Public Convenience and Necessity issued by the Georgia Public Service Commission to Defendant Eugene Baze, which was in effect on October 7, 2020, in regard to the vehicle driven by Defendant Eugene Baze and identified in Plaintiff's Complaint.

9.

Any documents relating to the Georgia Public Service Commission or ICC registration regarding the tractor-trailer vehicle driven by Defendant Eugene Baze and alleged in Plaintiff's complaint and in effect on Eugene Baze.

10.

Copies of the documents of title stating ownership of the vehicle and component parts thereof which was driven by Defendant Eugene Baze on behalf of Paul Transportation, Inc., on October 7, 2020, which was involved in the incident referred to in Plaintiff's Complaint.

11.

All employment records and personnel files regarding Defendant Eugene Baze,

20

including but not limited to their application for employment, any records of training received by him in connection with their employment with Paul Transportation, Inc., all disciplinary notices, all tests, all qualifications, and all performance evaluation reports and other records.

12.

Complete maintenance and repair records for the Defendant Paul Transportation, Inc., tractor-trailer vehicle identified in Plaintiff's complaint and the complete records of any inspection made by Defendant Eugene Baze others of said vehicle.

13.

All manifests, bills of lading, trip leases or other documents relating to the tractor-trailer vehicle named in Plaintiffs' complaint for the one-month period prior to and including Eugene Baze.

14.

All written rules, procedures, standards, guidelines, policies, or the like of Defendant Eugene Baze pertaining to the safe driving and operation of its motor vehicles.

15.

All training materials, books, pamphlets, letters, notices, videotapes, movies, or the like, which Defendant Eugene Baze has in its possession, custody, or control, pertaining to the safe driving and operation of its motor vehicles.

16.

All form accident report forms or any other forms or reports prepared by Paul Transportation, Inc., and submitted to the Motor Carrier Safety Office of the Federal Highway Administration, with respect to the subject Eugene Baze incident, which forms the basis for this instant action.

17.

Any and all supplemental reports (accident and otherwise) completed by Paul Transportation, Inc., its employees, agents or representatives and submitted to the Motor Carrier Safety Office or any other State or Federal agency or third party or other entity with respect to the subject Eugene Baze incident which forms the basis for this instant action.

18.

Any statement in your control from the Plaintiff, whether written or recorded.

19.

All photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit.

20.

All documents evidencing, reflecting, relating to, or constituting any communication between Plaintiff and Defendants including without limitation all correspondence, letters, notes, tapes, memoranda, and any other evidence of communications that in any way relates to this litigation.

21.

The original or a true and accurate copy of the declaration sheet or coverage page of all insurance policies which provide coverage for this incident.

22.

All documents evidencing, reflecting, relating to, or constituting an incident report regarding to this collision.

23.

A copy of Defendants driver's daily logs as required by 49 C.F.R. §395.8 for the thirty

22

(30) day period preceding the date of this incident and for the thirty (30) day period subsequent to this incident and all administrative driver's log or driving time or work time audits created by the Defendant Eugene Baze during that time period.

24.

A copy of the pre-trip inspection report.

25.

A copy of the Defendant Eugene Baze's medical certificate in accordance with 49 C.F.R. §391 et. seq.

26.

Any photographs of the scene of this incident.

27.

A copy of the Post Accident Report as required by 49 C.F.R. § 382.303 as filed by Defendants driver E u g e n e   B a z e following the incident which forms the basis for this litigation.

28.

A copy of the periodic inspection report as required by 49 C.F.R. §396.21.

29.

A copy of Eugene Baze's employment file including but not limited to:

    (a)    applications for employment containing the nature and extent of the applicant's experience in motor vehicles;

    (b)    a list of all violations of commercial motor vehicle laws or ordinances other than parking of which applicant was convicted or forfeited bond or collateral

23

during the three (3) years preceding the date of application;

(c)     statement setting forth in detail the facts and circumstances surrounding any denial, revocation, or suspension of any license, permit, or privilege to operate a commercial motor vehicle; and

(d)     a list of employers during the three (3) years preceding the date the application is submitted.

30.

A copy of the Defendants' "drivers manual" issued to Defendant's driver E u g e n e B a z e  a n d  Paul Transportation, Inc.

31.

A copy of the certificate of Eugene Baze's road test in accordance with 49 C.F.R. §391.31.

32.

Produce a copy of every complaint and/or recommendation by any person or entity about defects, needed repair and/or maintenance of the vehicle involved in this incident for the six-month period prior to the incident.

33.

Produce a copy of the repair/maintenance record or inspection record for the vehicle involved in this incident for the six-month period prior to the incident.

34.

The complete maintenance file maintained by the Defendant Paul Transportation, Inc., in accordance with 49 C.F.R. § 396 et. seq., on the vehicle inclusive of any inspections, repairs or maintenance done to the vehicle, and daily condition reports submitted by drivers

24

for one year prior to the incident

35.

All results of any pre-employment, random or post-accident drug testing on Defendant Eugene Baze.

36.

All documents of any on-board recording monitor, on board computer reports, trip recorder, trip master, or device known by any other name which records information concerning the operation of the tractor trailer for the 30 days before the incident through the date of the incident.

37.

All documents generated by the Defendants' company's incident review board and/or internal organization that reviews incidents of its drivers concerning the chargeability of the incident.

38.

Did you have a mobile phone with you at the time of the accident? If yes, please provide the phone number and the service provider.

(a)     Please provide your monthly statement containing the use of your phone during the time this accident occurred.

40.

Please provide accounts and passwords to all Social Media including, but not limited to, Facebook, Twitter, Tik- Tok, Pinterest, Snapchat, etc.

Respectfully submitted
This 22nd day of May 2020
*/s/ GRAYLIN C. WARD*

Graylin C. Ward
Attorney for Plaintiff
Georgia Bar Number 736855

Graylin C. Ward Law Office
27 East Broad Street
Newnan, Georgia 30263
770-251-1289
gward@numail.org